UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIEREY SHERRY,<br><br>        Petitioner,<br><br>    v.<br><br>JEFF LYNCH, Warden,[1]<br><br>        Respondent. | Case No. 23-cv-00026-YGR (PR)<br><br>**ORDER OF DISMISSAL; AND DENYING CERTIFICATE OF APPEALABILITY** |

## I. INTRODUCTION

This suit was reassigned from a Magistrate Judge to the undersigned in light of a recent Ninth Circuit decision.[2] *See* Dkt. 5.

Petitioner, a state prisoner currently incarcerated at California State Prison - Sacramento ("CSP-SAC"), has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. He has paid the full filing fee. Dkt. 3.

## II. LEGAL STANDARD

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

---

[1] Jeff Lynch, the current warden of the prison where Petitioner is incarcerated, has been substituted as respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

1     Rule 4 of the Rules Governing Section 2254 Cases provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

**III.  DISCUSSION**

In 2019, petitioner pleaded nolo contendere to voluntary manslaughter. Dkt. 1 at 1-2.[3] On October 8, 2019, the Santa Clara County Superior Court sentenced him to fourteen years and eight months in prison. *Id.* at 1. He did not appeal his conviction. *Id.* at 2.

Petitioner argues that he is entitled to resentencing pursuant to California Penal Code § 1170(d)(1). *Id.* at 5. Section 1170(d)(1)(A) states as follows:

> When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years[4], the defendant may submit to the sentencing court a petition for recall and resentencing.

Cal. Penal Code § 1170(d)(1)(A) (footnote added). Petitioner adds that he was "denied by the [California] Supreme Court to have the right to counsel and [he] did not have any attorney for when [he] filed the petition for [P]enal [C]ode 1170(a)(1), which was denied." Dkt. 1 at 5.

First, the Court notes that the petition appears to be untimely because he states that he was convicted and sentenced in 2019. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from

---

[3] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by petitioner.

[4] The Court notes that California Penal Code § 1170(d)(1) seems inapplicable because the record shows that petitioner has *not* been incarcerated for at least 15 years and, instead, he has only been incarcerated for at least four years, as he was sentenced in 2019. *See* Dkt. 1 at 2.

2

filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). If the record indicates that the petition falls outside the one-year time period, petitioner will ultimately bear the burden of demonstrating that the limitation period was sufficiently tolled under statutory and/or equitable principles. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Second, even assuming that the petition is timely, petitioner does not make clear how he is in custody in violation of the Constitution or federal law. To the extent petitioner argues a violation of state law, he is not entitled to federal habeas relief. The United States Supreme Court has repeatedly held that the federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Peltier v. Wright*, 15 F.3d 860, 861-62 (9th Cir. 1994). Furthermore, matters relating to state sentencing are governed by state law and generally are not cognizable on federal habeas review. *See, e.g.*, *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (rejecting petitioner's claim that a state court misapplied its own aggravating circumstance because "federal habeas corpus relief does not lie for errors of state law"). Moreover, petitioner's claim that he was denied counsel during a state court post-conviction proceeding relating to California Penal Code § 1170(d)(1) is not cognizable on federal habeas review. *See Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998) (Errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings.), *overruled on other grounds as recognized by Apelt v. Ryan*, 878 F.3d 800, 827-28 (9th Cir. 2017); *see also* 28 U.S.C. § 2254(i) (claims of ineffective assistance of counsel during state or federal collateral post-conviction proceedings not cognizable on federal habeas review).

Petitioner's claims thus fail as a matter of law and granting leave to amend would be futile. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) ("[T]he district

court . . . may deny leave to amend due to 'undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies . . . , undue prejudice . . . [and] futility of amendment.'") (citation omitted). Accordingly, the petition is DISMISSED with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

## V. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The petition is DISMISSED with prejudice for the reasons set forth above. A COA is DENIED. *See Slack*, 529 U.S. at 484.

2. The Clerk of the Court shall terminate all pending motions and close the file.

3. CSP-SAC Warden Jeff Lynch has been substituted as respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: July 5, 2023

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge